UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAULINO SOLIMAN ARROYO,   :
                          :   Civ. No. 12-7889 (NLH)
         Petitioner,      :
                          :
    v.                    :   **OPINION**
                          :
JORDAN R. HOLLINGSWORTH,  :
                          :
         Respondent.      :
                          :

**NOEL L. HILLMAN, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal inmate confined at FCI Fort Dix in Fort Dix, New Jersey. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

Petitioner was seized while on board a vessel at sea and found to be in violation of the Maritime Drug Law Enforcement Act, ("MDLEA") 46 U.S.C. § 70501, *et seq.* Petitioner pled guilty to one count of possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and one count of

---

[1] Section 2241 states in relevant part:

(a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
(c)  The writ of habeas corpus shall not extend to a prisoner unless –
   (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof, or
   (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States, or
   (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

conspiracy to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. In December 2005, petitioner was sentenced to 135 months imprisonment.[2] For the following reasons, the court lacks jurisdiction over the instant habeas petition and this matter will be transferred to the Middle District of Florida.

## II. BACKGROUND

In March 2005, the United States Coast Guard seized petitioner on board a vessel twenty-seven (27) miles from the Colombian coast. Petitioner was prosecuted under the MDLEA and convicted and sentenced after a guilty plea. In November 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment and sentence. *See United States v. Arroyo*, 208 Fed. Appx. 778 (11th Cir. 2006)(per curiam). Petitioner did not file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida.

Petitioner filed the instant habeas petition in this Court in December 2012. He argues that the Middle District of Florida lacked jurisdiction to impose a sentence and that the actions for which he was convicted are no longer criminal. Petitioner relies on the decision of the United States Court of Appeals for the Eleventh Circuit in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012) to support his arguments. Petitioner contends that he cannot raise these issues in a § 2255 motion and is therefore seeking relief in this Court pursuant to § 2241.

---

[2] The court takes judicial notice of the docket in petitioner's criminal proceeding in the Middle District of Florida, 8:05-cr-234-3. *See Wilson v. Zickefoose*, Civ. No. 10-2783, 2010 WL 5317333, at *1 n.2 (D.N.J. Dec. 20, 2010)(taking judicial notice of dockets of other federal cases related to habeas petition); *Rankin v. Grondolsky*, Civ. No. 09-3721, 2010 WL 128400, at *1 n.2 (D.N.J. Jan. 13, 2010)(same); *but see Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

## III. DISCUSSION

A. <u>Standard for Sua Sponte Dismissal</u>

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

B. <u>Jurisdiction</u>

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255 in the court which sentenced petitioner. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Section 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

> him, or that such a court has denied him relief, unless it also
> appears that the remedy by the motion is inadequate or ineffective
> to test the legality of his detention.

28 U.S.C. § 2255(e). A section 2255 motion is "inadequate or ineffective" which permits a petitioner to resort to a section 2241 petition "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit has deemed non-criminal. In *Bellaizac-Hurtado*, 700 F.3d 1245, the Eleventh Circuit vacated defendants'

convictions under the MDLEA on direct appeal on the ground that Congress lacked power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation.[3] *See* 700 F.3d at 1258.

The holding in *Bellaizac-Hurtado* does not apply in petitioner's case and will not be considered an intervening change in law making petitioner's crimes non-criminal. Petitioner admits in his petition that he was seized twenty-seven miles from the Colombian coast. The United States only recognizes a territorial sea of twelve nautical miles. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n. 8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles."); *see also United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) ("The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts.") (citations omitted). Accordingly, as petitioner was twenty-seven miles out to sea, he was seized in international waters, not in the territorial waters of another country as were the defendants in *Bellaizac-Hurtado*.

Section 2255 is not an inadequate or ineffective remedy for petitioner's claim. He fails to show that he falls within the "safety valve" which would give this Court jurisdiction over his petition. Indeed, several courts have dismissed habeas petitions where petitioners have relied on *Bellaizac-Hurtado*, but were apprehended in international waters, as opposed to territorial waters. *See Castillo v. Hollingsworth*, Civ. No. 12-7831, 2013 WL 1288196, at *3 (D.N.J. Mar. 26, 2013) (dismissing § 2241 petition where petitioner was apprehended fifty miles off of the coast of Panama because § 2255 is not an inadequate or ineffective remedy for petitioner's

---

[3] The United States had argued that the MDLEA, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "'[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations.'" *Bellaizac-Hurtado*, 700 F.3d at 1248 (quoting U.S. CONST. art. I, § 8, cl. 10).

claim) (citing *Ortiz-Dominguez v. Hollingsworth*, Civ. No. 13-0025, 2013 WL 163284 (D.N.J. Jan. 11, 2013) (dismissing § 2241 petition raising *Bellaizac-Hurtado* claim where vessel was 34 miles off coast of Guatemala); *Paredes v. Hollingsorth*, Civ. No. 13-0531, 2013 WL 435969 (D.N.J. Feb. 4, 2013) (160 miles off coast of Columbia); *Pandales v. Hollingsworth*, Civ. No. 13-0841, 2013 WL 618204 (D.N.J. Feb. 19, 2013) (80 miles off coast of Guatemala)).

In this case, petitioner does not allege facts which bring his petition within the *Dorsainvil* exception. Instead, it appears as if petitioner is seeking to avoid the gatekeeping requirements of § 2255. However, rather than dismiss the petition outright, in the interest of justice, the Court will transfer the matter to the United States District Court for the Middle District of Florida to be considered by that court as petitioner has never sought to collaterally attack his judgment and sentence previously. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in this court as defined in section 610 or this title or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]").

### IV. CONCLUSION

For the reasons stated above, the Court lacks jurisdiction over the petition and it will be transferred to the Middle District of Florida. An appropriate order will be entered.

At Camden, New Jersey         s/ Noel L. Hillman
                                                         NOEL L. HILLMAN, U.S.D.J.

DATED: October 29, 2013